# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR SOLIS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MCKESSEN, ET. AL.,<br><br>　　　　　Defendants.　　　　　／ | CV F   05-345 AWI LJO P<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN DEFENDANTS AND CLAIMS FROM ACTION |

　　Salvador Solis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on March 11, 2005, naming Correctional Officer McKessen, and Correctional Counselor II Mrs. Whittens as Defendants.

　　On May 25, 2006, the Court dismissed the Complaint and granted Plaintiff leave to amend.  On August 16, 2006, Plaintiff informed the Court that he wished to proceed only with the claim the Court found cognizable against Defendant McKessen and dismiss all remaining claims and Defendants from the action.

**A.　SCREENING REQUIREMENT**

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

Plaintiff alleges that on December 16, 2003, at 1:20 p.m. yard release was called. Plaintiff was standing in his cell awaiting release out onto the yard.  Defendant McKessen was going door to door letting each inmate out onto the yard when he opened Plaintiff's door. Defendant held the door and began to talk to Plaintiff when the Defendant slammed the door closed smashing Plaintiff's two fingers in it.  When Plaintiff yelled for help, Defendant kept walking.  Plaintiff's cellmate got the tower guard to open the door to free Plaintiff's hand. Plaintiff later confronted the Defendant about the incident and was told to "be a man and stop crying."  Plaintiff states that he then informed Defendant that he needed to see a doctor but he refused to let him see a medical clinician.

Plaintiff then went to see Correctional Counselor Mrs. Whittens but she refused to interject and send Plaintiff to the MTAs for proper medical treatment.  Plaintiff states that he showed her his hand which was red and swollen.  Plaintiff states he waited until released for dinner and went to see the MTAs who took a report and told him to return the next day.  Plaintiff states that on his way back to his block, Defendant McKessen stopped him and made him stand outside in the cold while the others went in ahead of him.  Plaintiff alleges that this was done in retaliation for his filing a grievance against him.

Plaintiff next complains that the CDC took too much time in answering his 602 grievance and violated his rights to exhaust in a timely fashion.  Plaintiff is seeking monetary damages.

**C. CLAIMS FOR RELIEF**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

*1. Eighth Amendment - Cruel and Unusual Punishment*

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim," and "deliberate indifference to medical needs" violates the Eighth Amendment "only if those needs are 'serious.'" Id. at 9 (*citation omitted*). With respect to these types of claims, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. at 9 (quotations and citations omitted). With respect to excessive force claims, however, the

malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).

In this case, Plaintiff's allegations against Defendant McKessen slamming his finger in the door are sufficient to state an Eighth Amendment claim. However, the allegations that Plaintiff's was made to wait outside in the cold before he could enter the building are insufficient to state an Eighth Amendment claim for cruel and unusual punishment.

### 3. Eighth Amendment - medical claim

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050

4

(9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Here, Plaintiff alleges that Defendants were deliberately indifferent for not having sent Plaintiff to see the Medical Technical Assistant.  However, the Complaint fails to allege sufficient facts that either Defendant knew of and disregarded a serious risk to Plaintiff's health.  As noted above, the indifference to his medical needs must be substantial and the deprivation must be, in objective terms, "sufficiently serious."  Plaintiff simply does not allege sufficient facts for which the Court can say that he states a cognizable Eighth Amendment claim against the Defendants.

### *4. Inmate Appeals*

Plaintiff also complains that his inmate appeals were not timely answered thereby depriving him of his right to exhaust his administrative remedies.  However, there is no constitutional right to an inmate appeals process.  The Ninth Circuit has held that Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003), *citing* Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988).  The non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988).  See also,  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993); Flick v. Alba, 932 F.2d 728 (8th Cir.1991); Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill.1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.  Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment").  A failure to process a grievance does not state a constitutional violation.  Buckley, supra.  State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin

5

v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995).

Accordingly, the allegations in the Complaint do not allege fact sufficient to give rise to a constitutional violation for the untimely review of an inmate appeal.

**D. CONCLUSION & RECOMMENDATION**

The Court finds Plaintiff's Complaint states a cognizable Eighth Amendment claim against Defendant McKessen for cruel and unusual punishment for slamming his fingers in the cell door. However, the Complaint does not contain any other cognizable claims for relief. In light of Plaintiff's election to proceed only on those claims found cognizable by the Court, the Court HEREBY RECOMMENDS that the action proceed solely on the Eighth Amendment claim against Defendant McKessen for cruel and unusual punishment and that all remaining claims and Defendants be DISMISSED.

The Court HEREBY ORDERS that these Findings and Recommendations be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within THIRTY (30) days after being served with a copy of these Findings and Recommendations, any party may file written Objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within TEN (10) court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file Objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   September 26, 2006**            /s/ Lawrence J. O'Neill
b9ed48                                          UNITED STATES MAGISTRATE JUDGE