1
2
3
4
5              UNITED STATES DISTRICT COURT

6              EASTERN DISTRICT OF CALIFORNIA

7

8    SALVADOR SOLIS,                      1:05-cv-00345-LJO-GSA-PC

9                                         ORDER GRANTING PLAINTIFF'S MOTION
                     Plaintiff,           TO AMEND COMPLAINT SOLELY TO ADD
10                                        RETALIATION CLAIM AGAINST
          v.                              DEFENDANT McKESSON FOR EVENTS
11                                        OCCURRING BEFORE MARCH 11, 2005
     McKESSEN, et al.,                    (Doc. 31)
12
                                          ORDER DIRECTING CLERK TO SCAN
13                   Defendants.          PROPOSED AMENDED COMPLAINT
                                          LODGED ON JUNE 18, 2007, AND TO
14                                        RETURN ORIGINAL TO PLAINTIFF
                                          (Doc. 32)
15
                                          ORDER DIRECTING CLERK TO SEND
16                                        COMPLAINT FORM TO PLAINTIFF

17                                        ORDER VACATING COURT'S SCHEDULING
                                          ORDER OF JANUARY 30, 2007
18                                        (Doc. 25)

19                                        THIRTY DAY DEADLINE TO FILE FIRST
     _____/         AMENDED COMPLAINT
20

21   **I.      RELEVANT PROCEDURAL HISTORY**

22          Plaintiff Salvador Solis ("plaintiff") is a state prisoner proceeding pro se and in forma

23   pauperis in this civil action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's

24   complaint, filed March 11, 2005, against defendant McKesson[1] ("defendant") under section 1983

25   for use of excessive force in violation of the Eighth Amendment.  (Doc. 1.)  Defendant filed an

26   answer to the complaint on January 22, 2007.  Pursuant to the court's scheduling order filed on

27   _____

28          [1]The correct spelling of defendant's name is McKesson.  The spelling McKessen in the case title reflects the
     spelling used by plaintiff in the original complaint submitted to the court.

                                              1

January 30, 2007, the deadline to amend the pleadings was July 26, 2007, and the deadline to conduct discovery was September 26, 2007.  (Doc. 25.)  On June 18, 2007, plaintiff filed a timely motion seeking leave to amend the complaint to add new defendants and new claims.  (Doc. 31.) Defendant  filed a response in opposition to plaintiff's motion on July 24, 2007.  (Doc. 33.)

Plaintiff seeks leave to amend to add fourteen new defendants and four new claims stemming from his confinement at the California Substance Abuse Treatment Facility in Corcoran, California ("CSATF").  The new claims alleged are for retaliation, denial of medical care, abuse of the inmate appeals process, and cover up of defendant's illegal actions.

Defendant argues that allowing plaintiff to file his proposed amended complaint would be prejudicial to defendant due to undue delay, expenses already incurred, and expenses expected to be incurred.  In addition, defendant argues that amending the complaint would cause confusion for the fact-finder.

## II.    DISCUSSION

### A.    *Legal Standard*

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  In this case, on January 22, 2007, defendant filed and served an answer.  Defendant has not consented to amendment and  in fact opposes plaintiff's motion to amend.  Therefore, plaintiff may not file a second amended complaint without leave of court.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"  AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  Id.

### 1.    *Prejudice to Defendant*

"Prejudice is the touchstone of the inquiry under rule 15(a)."  Eminence Capital, LLC v.

2

1  Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (internal quotes omitted).  However, to justify

2  denial of leave to amend, the prejudice must be substantial.  Morongo Band of Mission Indians v.

3  Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

4              **a.**       *Undue Delay*

5        Defendant argues that plaintiff's delay in bringing his motion is prejudicial to defendant.

6  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'"

7  Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles

8  v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).  However, egregious, unexplained delay alone may

9  be a sufficient basis for denying leave to amend.  Amerisource Bergen, 465 F3d at 953.  The district

10  court's discretion [to deny leave to amend] is especially broad "when the court has already given a

11  plaintiff one or more opportunities to amend his complaint..."  Mir v. Fosburg, 646 F2d 342, 347 (9

12  th Cir. 1980); Sisseton-Wahpeton Sioux Tribe v. United States, 90 F3d 351, 355 (9th Cir. 1996).

13        This action was filed March 11, 2005.  The court screened the complaint and found only one

14  cognizable claim, against defendant McKesson for use of excessive force in violation of the Eighth

15  Amendment.  On May 25, 2006, the court dismissed the complaint and granted plaintiff leave to

16  amend the complaint or proceed on the one cognizable claim.  On August 16, 2006, plaintiff notified

17  the court that he wished to proceed on the one cognizable claim.

18        Defendant argues that plaintiff should not be allowed to amend the complaint at this late

19  juncture, more than two years after filing the complaint and almost one year after electing to proceed

20  solely on one claim.  However, defendant fails to explain how plaintiff's delay is prejudicial, except

21  to say that resolution of the lawsuit would be delayed.  Plaintiff tenders no explanation for his delay,

22  asserting only that the motion is brought in good faith and within the court-established deadline to

23  amend pleadings.  Plaintiff has not previously amended the complaint, and his motion to amend is

24  timely.  Based on the foregoing, the court finds that plaintiff's delay is but one factor for the court

25  to consider.

26              **b.**       *Expenses*

27        Defendant argues that he has already incurred expenses to depose plaintiff, and if plaintiff

28  amends the complaint, defendant will be forced to incur additional expenses to re-depose plaintiff.

Counsel for defendant presents evidence that he deposed plaintiff on June 29, 2007, addressing only plaintiff's allegations against defendant McKesson, and not any of the allegations against the proposed new defendants.  (Doc. 33-2.)

Litigation expenses already incurred before the motion to amend was filed do not establish prejudice . . . unless it can be shown that the moving party acted in bad faith by delaying amendment in order to force the nonmoving party to incur unnecessary expense.  Owens v. Kaiser Found. Health Plan, Inc., 244 F3d 708, 712 (9th Cir. 2001).  On the other hand, expenses caused by a proposed amendment may be deemed prejudicial.  See Owens v. Kaiser Found. Health Plan, Inc., 244 F3d 708, 712 (9th Cir. 2001).  However, to justify denial of leave to amend, the prejudice must be substantial.  Morongo Band of Mission Indians v. Rose, 893 F2d 1074, 1079 (9th Cir. 1990).  Here, the expenses of taking plaintiff's deposition on June 29, 2007 were incurred after plaintiff's motion to amend was filed; however, those expenses were not a result of plaintiff's motion and therefore do not establish prejudice.  There is no evidence that plaintiff acted in bad faith by delaying amendment in order to force defendant to incur expense.  As for future expenses, defendant does not offer evidence of the amount of expenses that would be caused by plaintiff's amendment.  Based on the above analysis, the court finds that the possibility of future expenses for defendant to re-depose plaintiff is not a factor justifying denial of leave to amend.

### c.    Confusion for the Fact-Finder

Defendant also argues that the addition of plaintiff's new claims would unnecessarily create confusion for the fact finder, presumably because the fact finder would have to consider multiple claims against multiple defendants instead of only one claim against only one defendant.  An "outright refusal" of leave to amend "without any justifying reason appearing for the denial is not an exercise of discretion."  Eminence Capital, LLC v. Aspeon, Inc., 316 F3d 1048, 1052 (9th Cir. 2003).  Here, such confusion is speculative at best and would not necessarily be prejudicial to defendant.  Accordingly, the court finds this argument without merit.

### 2.    Futility

Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.  Saul v. United States, 20 F3d 1376, 1385 (9th Cir. 1991).  However, before discovery is

complete, a proposed amendment is "futile" only if no set of facts can be proved under the amendment that would constitute a valid claim or defense. Miller v. Rykoff-Sexton, inc., 845 F.2d 209, 214 (9th Cir. 1988).

### a.    Inmate Appeals Process

Plaintiff proposes to add allegations of abuse of the inmate appeals process at CSATF. Plaintiff was previously advised in the court's order of May 25, 2006, that there is no constitutional right to an inmate appeals process. The Ninth Circuit has held that prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9  Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).   The non-existence of, or the failure of prison officials to properly implement an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).   Therefore, plaintiff cannot prove any set of facts to state a valid claim for abuse of the prison appeals process upon which relief may be granted under section 1983. Therefore, it would be futile for plaintiff to amend to add this claim.

### b.    Claims Accruing After Action Filed

Some of the claims plaintiff proposes to add are claims which accrued after this action was filed. Plaintiff alleges retaliation, abuse of the inmate appeals process, and cover up of defendant's illegal actions, based on events occurring after March 11, 2005. Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and "[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'"   Porter, 534 U.S. at 524 (citing to Booth v. Churner, 532 U.S. 731, 739 n.5 (2001)). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can

1    provide some sort of relief on the complaint stated. <u>Booth</u>, 532 U.S. at 741.

2         In light of section 1997e(a), plaintiff may not add new and unrelated claims that arose after

3    this suit was filed. In a "conflict between Federal Rule of Civil Procedure 15 and the PLRA, the rule

4    would have to yield to the later-enacted statute to the extent of the conflict." <u>Harris v. Garner</u>, 216

5    F.3d 970, 982 (11th Cir. 2000). Rule 15 "does not and cannot overrule a substantive requirement

6    or restriction contained in a statute (especially a subsequently enacted one)." <u>Id.</u> at 983. Allowing

7    plaintiff to pursue claims that arose after this suit was filed would allow plaintiff to thwart the

8    mandate of section 1997e(a), which requires that claim exhaustion occur prior to filing suit and not

9    during the pendency of the suit. <u>McKinney</u>, 311 F.3d at 1199-1201. All claims at issue in this action

10   must have been exhausted by March 11, 2005.[2]   Any claims not fully exhausted before March 11,

11   2005, are subject to dismissal. Therefore, leave to amend shall be denied as to such claims.

12                    ***c.***        ***Retaliation Claims Accruing Before Action Filed***

13        Plaintiff alleges in the proposed amended complaint that on December 13, 2003, he was

14   made to wait outside in the cold by defendant McKesson in retaliation for plaintiff filing a grievance

15   against McKesson.[3]  Allegations of retaliation against a prisoner's First Amendment rights to speech

16   or to petition the government may support a section 1983 claim. <u>Rizzo v. Dawson</u>, 778 F.2d 527,

17   532 (9th Cir. 1985); <u>see also</u> <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135 (9th Cir. 1989); <u>Pratt v.</u>

18   <u>Rowland</u>, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First

19   Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some

20   adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such

21   action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not

22   reasonably advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th

23

24        [2] At set forth in the preceding section, some courts have found that exhaustion occurred where prison
     officials thwarted the prisoner's ability to utilize the process. The court is cognizant of the fact that plaintiff's
25   amended complaint is based largely on problems he had and is having with prison officials processing grievances.
     Nevertheless, the alleged existence of these problems does not provide a basis for plaintiff to add newly accrued
26   claims to this action.

27        [3]In the original complaint, plaintiff alleged he was made to wait outside in the cold by defendant McKesson
     in retaliation for plaintiff filing a grievance against McKesson. When the court screened the complaint, the court
28   recommended dismissal of this claim on the grounds that such allegations are insufficient to state an Eighth
     Amendment claim for cruel and unusual punishment. Here, the court addresses plaintiff's allegations of retaliation.

1   Cir. 2005).  An allegation of retaliation against a prisoner's First Amendment right to file a prison

2   grievance is sufficient to support claim under section 1983.  Bruce v. Ylst, 351 F.3d 1283, 1288 (9th

3   Cir. 2003).  Plaintiff has not alleged sufficient facts to state a claim for retaliation against defendant

4   McKesson.  In the interest of justice, plaintiff shall be granted leave to amend his complaint for the

5   limited purpose of adding his claim of retaliation against defendant McKesson for events occurring

6   before this action was filed.  Plaintiff is reminded that he may only add claims which were exhausted

7   prior to the initiation of this suit.  McKinney, 311 F.3d at 1199-1201.

8   **IV.    CONCLUSION**

9          Based on the foregoing analysis, plaintiff's motion to file an amended complaint is granted

10  in part and denied in part.  Plaintiff is denied leave to file the proposed amended complaint which

11  was lodged on June 8, 2007, and the Clerk shall return the proposed amended complaint to plaintiff.

12         However, the court shall, by this order, grant plaintiff leave to prepare and file an amended

13  complaint for the limited purpose of adding and clarifying his retaliation claim against defendant

14  McKesson for events occurring prior to the initiation of this suit on March 11, 2005.  Plaintiff is

15  reminded that his claim for excessive force against defendant McKesson was found cognizable by

16  the court and should be included as part of the amended complaint.  Plaintiff is also reminded that

17  all other claims in his original complaint were dismissed by the court's order of January 8, 2007.

18         Plaintiff is advised that he must demonstrate in the amended complaint how the conditions

19  complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy,

20  625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named

21  defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some

22  affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v.

23  Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

24  588 F.2d 740, 743 (9th Cir. 1978).

25         Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be

26  complete in itself without reference to any prior pleading.  As a general rule, an amended complaint

27  supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an

28  amended complaint is filed, the original complaint no longer serves any function in the case.

Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The First Amended Complaint should be clearly and boldly titled "FIRST AMENDED COMPLAINT," refer to the appropriate case number, and be an original signed under penalty of perjury.

**V.    ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1.     Plaintiff's motion to file an amended complaint, filed June 18, 2007, is GRANTED for the limited purpose of adding his retaliation claim against defendant McKesson for events occurring before March 11, 2005;

2.     Plaintiff's proposed amended complaint, lodged on June 18, 2007, shall not be filed;

3.     The Clerk of Court is DIRECTED to:

(1)     scan the proposed amended complaint lodged by plaintiff on June 18, 2007, for the court's record, and then return the proposed amended complaint to plaintiff; and

(2)     send one blank civil rights complaint form to plaintiff;

4.     Within thirty days from the date of service of this order, plaintiff shall file a First Amended Complaint pursuant to instructions in this order;

5.     The court's scheduling order of January 20, 2007, is vacated; and

6.     Plaintiff is warned that the failure to comply with this order will result in a recommendation that this action be dismissed.


IT IS SO ORDERED.

**Dated:    November 26, 2007          /s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE

8