# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Salvador Solis,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>McKesson,<br><br>　　　　　　　Defendant. | CASE NO. 1:05-cv-0345-JMR<br><br>**ORDER** |

Pending before the Court are numerous motions, including Defendant's Motion for Summary Judgment (Doc. 87). This case arises out of an incident that took place in the California Substance Abuse Treatment Facility (CSATF) on December 16, 2003. In his complaint, Plaintiff alleges that Defendant violated the Eighth Amendment by closing a cell door on his right ring finger. Plaintiff also makes other allegations that the Defendant called him a "rat" and "snitch" and said other disparaging remarks.

Defendant claims that he is entitled to summary judgment on all of the Plaintiff's claims or, in the alternative, that the Plaintiff's claim should be dismissed as a sanction for his abuse of the discovery process. Upon review of the briefs, motions, and evidence, and for the reasons stated below, Defendants' Motion for Summary Judgment is **granted**. All other motions in this case pending before this Court are dismissed as moot.[1]

---

[1] Other motions pending before the Court include Plaintiff's Motion to Appoint Counsel (Doc. 71), Plaintiff's Motion for a 60-Day Extension of Time (Doc. 72), Defendant's Motion to Compel (Doc. 77), Defendant's Motion to Quash Subpoena (Doc. 79), Plaintiff's Motion to Compel (Doc. 82), Plaintiff's Motion to Appoint Counsel (Doc. 84), Plaintiff's Motion for Extension of Time (Doc. 90), Plaintiff's Request/Motion for a Court Date (Doc. 91), and Defendant's Motion to Strike (Doc. 99).

**I. Legal Standard**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party"; material facts are those "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Id.* A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." *Id.* Initially, the moving party has the burden to demonstrate that there is no genuine issue of material fact, and once this initial burden is met, the opposing party has the burden to "demonstrate through production of probative evidence that an issue of fact remains to be tried." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). A court deciding a motion for summary judgment must view all evidentiary inferences in the light most favorable to the non-moving party. *King County v. Rasmussen*, 299 F.3d 1077, 1083 (9th Cir. 2002). If significant factual issues remain, the motion should be denied. *United States v. Carter*, 906 F.2d 1375, 1377 (9th Cir. 1990).

When, as here, a party moves for summary judgment early in the proceedings and the opposing party requests additional discovery, the Court analyzes the parties' requests under Rule 56(f). Under that Rule, if the non-moving party "shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition," the Court may issue any just order including denial of the motion or an order for further discovery. Fed. R. Civ. P. 56(f). District courts should grant Rule 56(f) relief "fairly freely" when a motion for summary judgment is filed "early in the litigation, and before a party has had any realistic opportunity to pursue discovery." *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003). The Rule 56(f) affidavit must be "(a) a timely application which (b) specifically identifies (c) relevant information, (d) where

there is some basis for believing that the information sought actually exists." *VISA Int'l Serv. Assoc. v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986). To demonstrate that there is some basis for believing that the information sought actually exists, the affidavit cannot rely on facts that are "almost certainly nonesxistent" or that are "pure speculation." *California ex rel. Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779-80 (9th Cir. 1988) (internal quotations omitted).

**II. Background**

On December 16, 2003, Plaintiff Salvador Solis was being released for his daily time in the prison yard. Release to the yard followed a certain regimen: the tower officer unlocked the doors from a remote location while another officer walked the line of cells, shutting the doors of those prisoners who did not wish to have their yard time on a particular day. On December 16, the Defendant, Officer McKesson, was walking the line closing inmates' doors of those inmates not wishing to go to the yard.

Solis claims that when his door was electronically unlocked that afternoon, he "had [his] fingers on the tray slot."[2] Then, while his right ring finger was on the tray slot, Solis claims that the McKesson "hit the door backwards," trapping his finger in the door. Solis stated that his finger remained stuck in the tray slot for approximately ten to fifteen minutes while Officer McKesson released the other inmates. After Officer McKesson unlocked Solis's door, Solis confronted McKesson about the incident. McKesson responded, "why don't you act like a man. Stop crying."

Solis was seen by medical personnel in the facility who concluded that there was no injury to Solis's finger. The medical report stated: "4-5 fingers slightly pink. No acute injury or trauma seen. Finger appear [sic] properly aligned." Subsequent x-rays revealed no fracture or break in the finger bone. Solis was prescribed Motrin about a month after the incident.

---

[2]Throughout the record, the Plaintiff states inconsistently that he had one finger in the door, two fingers in the door, or his entire hand in the door. His pleadings state that he had his "hand" in the door, while his deposition testimony clearly indicates that his right ring finger was the injured finger. Depo. 55:14-56:13.

Solis has exhausted his administrative remedies for the claims considered in this motion. *See* Defendant's Motion for Summary Judgement, at 3-4. Solis's claims regarding retaliation are not before this Court as he did not exhaust his administrative remedies as to those claims. Solis filed this claim against Officer McKesson, alleging a violation of his Eighth Amendment right against cruel and unusual punishment by use of excessive force.

**III. Discussion**

    **A. Summary Judgment is not premature in this case**

The plain language of Rule 56 allows a defendant to move for summary judgment "at any time." Fed. R. Civ. P. 56(b). Summary judgment is most proper "after adequate time for discovery," *Celotex*, 477 U.S. at 322, although the meaning of "adequate time" depends on the claims presented and whether the Plaintiff will benefit from further discovery. Pre-discovery summary judgment is still the exception and not the rule, "granted only in the clearest of cases." *Patton v. General Signal Corp.*, 984 F.Supp. 666, 670 (W.D.N.Y. 1997) (citations omitted). However, in cases where the non-moving party makes no showing that there are material facts in dispute, a court may grant summary judgment without further discovery. *See Chance v. Pac-Tel Teletrac, Inc.*, 242 F.3d 1151, 1161 (9th Cir. 2001).

In *Chance*, the Plaintiff "did not proffer to the district court . . . sufficient facts to show that evidence which it sought existed and would prevent summary judgment." *Id.* Rather, the Plaintiff "merely state[d] in conclusory form that it was deprived of the opportunity to discover additional crucial evidence without ever identifying the content of that evidence." *Id.* Such conclusory allegations are not enough to justify further discovery when a party has had adequate time for discovery. *Frederick S. Wyle, P.C. v. Texaco, Inc.*, 764 F.2d 604, 612 (9th Cir.1985) ("[T]he movant cannot complain if it fails to pursue discovery diligently before summary judgment.").

In this case, this Court's Scheduling Order (Doc. 69) of September 2, 2009 clearly established that discovery was to close on March 12, 2010. Although Solis correctly states that summary judgment is appropriate after a sufficient period of discovery (Pl.'s

Resp./Opp'n to the Def.'s Mot. For Summ. J., at 2), that time has passed and he has failed to produce any documents or information suggesting that more discovery will uncover additional information.

Solis does not support his assertion that discovery is necessary with any itemized facts, Statement of Disputed Facts, or similar document that would raise any remaining issues of material fact as required by Local Rule 260(b). Solis certainly does not "provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary." L.R. 260(b). Rather, Solis makes a blanket claim at the eleventh hour that more discovery is necessary to respond. Even given his pro se status, such a showing is inadequate to justify more discovery. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (stating that pro se parties must observe the same procedural rules as represented parties). Solis fails to address how *more* discovery is necessary given that he has already conducted some discovery in this case.

Because there has been an opportunity for discovery in this case, and the Plaintiff's opposition to this motion does not state any specific facts to be learned through more discovery, summary judgment is appropriate at this stage.

**B. Plaintiff's retaliation claim is dismissed for failure to exhaust**

In an Order on November 26, 2007, the Court noted that claims based on incidents that occurred after the March 11, 2005 filing date could not be amended because they had not been exhausted. (*See* Order, Doc. 37) Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is "a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). And specific exhaustion requirements are "the prison's requirements," such that it is individual prison systems, "and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Moreover, the

exhaustion requirement applies to all suits relating to prison life. *Porter v. Nussle*, 435 U.S. 516, 532 (2002); *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). No matter what relief the inmate seeks, he must complete the prison's administrative process as long as that process can provide some relief. *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).

Although the Plaintiff includes in his opposition a claim of retaliation by the Defendant–that McKesson called him a "rat" or a "snitch"–that retaliation claim was not exhausted before the March 11, 2005 filing. As a result, that claim is dismissed.

### C. Plaintiff's claim of excessive force

When prison officials authorize the use of excessive force, that authorization is a violation of the prisoner's Eighth Amendment right to be free from cruel and unusual punishment. *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002). A constitutional violation must rise to a level that "involve[s] more than ordinary lack of due care for the prisoner's interests or safety." *Id.*

In short, Solis's complaint does not meet this high burden. Officer McKesson's action of closing the door when Solis's finger was caught in the door appears to be, at worst, a case of negligence. Solis has not shown that Officer McKesson's action was malicious or sadistic, or that it was beyond the level of force he regularly used in performing his duties of closing cell doors. McKesson's comments after the fact are not evidence of his intent before the incident and, while inappropriate, would not evidence the intent required for a constitutional violation even if made before the incident occurred.

Solis has not indicated any currently disputed facts, or facts that would be unearthed by further discovery, that would support his claim for excessive force or a culpable mental state for Officer McKesson. Solis indicates that McKesson used excessive force because of the pair's prior dealings and as some sort of retaliation. But as discussed above, the retaliation claim was not exhausted and cannot be considered as part of Solis excessive-force claim. There being no other disputed issues of material fact, the Court grants the Defendant's Motion for Summary Judgment.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Doc. 87) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 71), Plaintiff's Motion for a 60-Day Extension of Time (Doc. 72), Defendant's Motion to Compel (Doc. 77), Defendant's Motion to Quash Subpoena (Doc. 79), Plaintiff's Motion to Compel (Doc. 82), Plaintiff's Motion to Appoint Counsel (Doc. 84), Plaintiff's Motion for Extension of Time (Doc. 90), Plaintiff's Request/Motion for a Court Date (Doc. 91), and Defendant's Motion to Strike (Doc. 99) are **DENIED** as moot in light of this order.

**The Clerk of the Court is directed to issue judgment accordingly and close this case**.

DATED this 3rd day of September, 2010.

_____
John M. Roll
Chief United States District Judge